IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TRANSCONTINENTAL INSURANCE COMPANY                     PLAINTIFF

VS.                        CIVIL ACTION NO. 5:05-cv-199(DCB)(JMR)

BREWER CONSTRUCTION COMPANY, INC.                         DEFENDANT/
                                                    COUNTER-CLAIMANT

TRANSCONTINENTAL INSURANCE COMPANY               COUNTER-DEFENDANT


ORDER

This cause is before the Court on the plaintiff Transcontinental Insurance Company ("Transcontinental")'s motion to dismiss **(docket entry 20)**.  Having carefully considered the motion and applicable law, and being fully advised in the premises, the Court finds as follows:

Federal Rule of Civil Procedure 41(a)(2) provides the standard for the plaintiff's motion for voluntary dismissal: "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper ... .  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."  Fed.R.Civ.P. 41(a)(2).  A district court's grant or denial of a voluntary dismissal, and any conditions attached thereto, is reviewed under an abuse of discretion standard.  Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 318 (5th Cir. 2002).  The Fifth Circuit has held that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the

mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002). Plain legal prejudice occurs where the grant of a motion for voluntary dismissal causes the nonmovant to be stripped of an otherwise available defense. Id. at 318-19.

The defendant, Brewer Construction Company, Inc. ("BCI") has not responded to the plaintiff's motion. Therefore, BCI has not shown that dismissal without prejudice would strip it of an otherwise available defense, nor that any prejudice to it would result from the voluntary dismissal.

In addition, the Court finds that it is without jurisdiction over this declaratory judgment action. The plaintiff's motion shows that Transcontinental defended its insured, BCI, under a reservation of rights in the underlying state court action. Following a final judgment against BCI and Massey Land & Timber, LLC ("Massey"), BCI and Massey appealed to the Mississippi Supreme Court, which reversed the judgment against them. A petition for rehearing has been denied. The state court action has been tried to completion, and the issue of whether Transcontinental has a duty to defend BCI is now moot. Furthermore, inasmuch as judgment has now been rendered in BCI's favor, the issue of whether Transcontinental has a duty to indemnify BCI is also moot.

A declaratory judgment may only issue if there exists "a case of actual controversy" before the Court. 28 U.S.C. § 2201(a).

There no longer exists a case or controversy to support a claim for declaratory relief.  There still exists in this action, however, the counterclaim of defendant BCI against Transcontinental for breach of contract.  The counterclaim contains, in part, claims that could be construed as independent of the declaratory judgment action.  Therefore, before dismissing the declaratory judgment action, the Court shall require BCI to show whether it intends to voluntarily dismiss its counterclaim.  Accordingly,

IT IS HEREBY ORDERED that the defendant Brewer Construction Company, Inc., shall notify the Court within five (5) days of entry of this Order whether it intends to voluntarily dismiss its counterclaim.  BCI's failure to do so shall result in dismissal of its counterclaim for failure to prosecute.

SO ORDERED, this the   20th   day of February, 2007.


      s/David Bramlette
      UNITED STATES DISTRICT JUDGE